**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ines TAMAYO–LOPEZ, Defendant—Appellant.**

**No. 10–30221.**

United States Court of Appeals, Ninth Circuit.

by 9th Cir. R. 36–3.

Submitted April 5, 2011.*

Filed April 11, 2011.

Earl Allan Hicks, Assistant U.S., Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Philip Edward Nino, Spokane, WA, for Defendant–Appellant.

Before: B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Ines Tamayo–Lopez appeals from the 168–month sentence imposed following his guilty-plea conviction for conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and (846). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Tamayo–Lopez contends that the district court procedurally erred by determining that he was ineligible for 'safety valve' relief pursuant to 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. The district court did not clearly err in finding that Tamayo–Lopez did not truthfully provide all relevant information concerning the conduct for which he was sentenced. *See United States v. Ajugwo,* 82 F.3d 925, 929 (9th Cir.1996); *see also* 18 U.S.C. § 3553(f)(5).

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Tamayo–Lopez also contends his sentence is substantively unreasonable in light of his personal characteristics and the disparate sentences imposed upon cooperating co-defendants. The record reflects that Tamayo–Lopez's bottom of the Guidelines sentence is not substantively unreasonable in light of the totality of the circumstances. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc).

**AFFIRMED.**